UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIE DAVIS,

        Petitioner,

                                                                       CASE NO. 04-CV-74077-DT

v.                                            CHIEF JUDGE BERNARD A. FRIEDMAN
                                            MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS BELL,

        Respondent.

_____/

**REPORT AND RECOMMENDATION**

*Table of Contents*

I.      RECOMMENDATION ................................................................................................. 1

II.     REPORT ................................................................................................................. 1
    A.    *Procedural History* ...................................................................................... 1
    B.    *Factual Background Underlying Petitioner's Conviction* .................................... 2
    C.    *Standard of Review* ..................................................................................... 3
    D.    *Analysis* .................................................................................................... 5
        1.     *Competency* ..................................................................................... 5
        2.     *Ineffective Assistance* ...................................................................... 9
    E.    *Conclusion* ................................................................................................ 10

III.    NOTICE TO PARTIES REGARDING OBJECTIONS ........................................... 10

\*     \*     \*     \*     \*

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of

habeas corpus.

II.     REPORT:

A.    *Procedural History*

        1.     Petitioner Donnie Davis is a state prisoner, currently confined at the Chippewa

Correctional Facility in Kincheloe, Michigan.

2.      On December 2, 2002, petitioner pleaded guilty to one ocunt of armed robbery, MICH. COMP. LAWS § 750.529, in the Kalamazoo County Circuit Court. On January 13, 2003, he was sentenced to a term of 9 to 15 years' imprisonment.

3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

I.      Petitioner was denied his state and federal right to effective assistance of counsel when counsel gave an impression of what the sentence would be if a guilty plea was offered and counsel failed to ensure that a competency hearing was conducted.

II.     Petitioner was denied state and federal due process rights when the trial court abused its discretion for not conducting a competency hearing to determine whether Petitioner was competent to stand trial or understand the proceedings against him.

The court of appeals denied petitioner's application for leave to appeal in a standard order. *See People v. Davis*, No. 251339 (Mich. Ct. App. 2003)(order).

4.      Petitioner, proceeding *pro se*, sought leave to appeal these same issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Davis*, 470 Mich. 868, 680 N.W.2d 896(2004).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on October 21, 2004. As grounds for the writ of habeas corpus, he raises the same two claims that he raised in the state courts.

6.      Respondent filed his answer on April 20, 2005. He contends that petitioner's claims are meritless.

7.      Petitioner filed a reply on May 27, 2005. Petitioner disagrees with respondent's version of the facts and claims respondent failed to rebut any of petitioner's claims.

B.      *Factual Background Underlying Petitioner's Conviction*

2

Petitioner robbed Debra Lenz on August 9, 2001. *See* Plea Tr. at 9. Petitioner was armed

with a letter opener and used it to steal jewelry from her. *See* Plea Tr. at 9-10. Petitioner pled guilty

to the charge of armed robbery on December 2, 2002. *See* Plea Tr. at 4.

C.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by

the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

Amongst other amendments, the AEDPA amended the substantive standards for granting habeas

relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
>         (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>         (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning."

*Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A

state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts

the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are

materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a

result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535

U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court

3

to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence."  *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.  Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's

resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.    *Analysis*

Petitioner raises  three claims for relief. The first claim is that petitioner was denied due process when the trial court did not conduct a hearing to determine whether petitioner was competent to stand trial or understand the proceedings against him. The last two claims are that his counsel was ineffective because counsel gave faulty advice regarding what the sentence would be if a guilty plea was offered and also counsel failed to request a competency hearing. I conclude that all of these claims are without merit.

1.    *Competency*

Petitioner's first contention is that he was denied due process when the trial court did not conduct a hearing to determine whether he was competent to stand trial or understand the proceedings against him.

A defendant may not be put to trial unless he or she has a sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him. *See Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). A state may presume that a defendant is competent to stand trial and require him to shoulder the burden of proving his incompetence by a preponderance of the evidence. *See id.* at 355. A habeas petitioner's mental competency claims "can raise issues of both substantive and procedural due process." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002) (Cleland, J.). A habeas petitioner may make a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after the petitioner's mental competency was put in issue. However,

to succeed on the procedural claim, a habeas petitioner must establish that the state trial judge ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency to stand trial. *See Walker v. Attorney General for the State of Okla.*, 167 F.3d 1339, 1343 (10th Cir. 1999) (internal citations omitted); *Hastings*, 194 F. Supp. 2d at 670. A petitioner can make a substantive claim by alleging that he was tried and convicted while mentally incompetent. A petitioner raising a substantive claim of incompetency is not entitled to a presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence. *See Walker,* 167 F.3d at 1344. To succeed on a substantive competency claim, a petitioner must present evidence that creates a "real, substantial, and legitimate doubt" as to his or her competency to stand trial. *See Walker*, 167 F. 3d at 1347.

Evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinions on competence to stand trial are all relevant in determining whether further inquiry on a defendant's mental state is required, but even one of these factors standing alone may, in some circumstances, be sufficient to trigger a further inquiry into a defendant's mental fitness to stand trial. *See Drope v. Missouri*, 420 U.S. 162, 180 (1975). However, there are no fixed or immutable signs which invariably indicate the need for a further inquiry to determine the fitness to proceed. *See id*. There must be some manifestation or conduct on petitioner's part to trigger a reasonable doubt as to his or her competency. *See Matheney v. Anderson*, 60 F. Supp. 2d 846, 861 (N.D. Ind. 1999), *aff'd in part and remanded in part on other grounds,* 253 F.3d 1025 (7th Cir. 2001). A trial court may rely on its own observations of the defendant's comportment to determine whether a defendant is competent to stand trial. *See Bryson v. Ward*, 187 F.3d 1193, 1201 (10th Cir. 1999). A full competency hearing is necessary only when a court has a reason to doubt a defendant's competency to stand trial. *See Godinez v. Moran*, 509 U.S. at 401, n. 13; *Bryson*, 187 F.3d at 1202.

6

Petitioner has failed to establish that the state trial judge ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency to stand trial. *See Walker*, 167 F. 3d at 1343. Counsel for the defense requested and received funds for an independent evaluation of the petitioner's mental competency. This was one of three such examinations which were conducted. The first examination found that petitioner was incompetent but noted there was a good possibility that petitioner was malingering. The two subsequent examinations, including the one requested by counsel, found that petitioner was malingering. Because mental competency is primarily a function of defendant's role in assisting his or her attorney in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's competency is suspect. *See Watts v. Singletary*, 87 F. 3d 1282, 1288 (11th Cir. 1996). Therefore, the failure of the defense attorney to raise the competency issue, while not dispositive, is evidence that the defendant's competency is not in doubt. *See id.* In the present case, petitioner's own attorney had an independent examination of mental competency conducted, which determined that petitioner was malingering. Petitioner's attorney, apparently satisfied that petitioner was competent to stand trial, chose not to request a formal competency hearing. Further, petitioner's behavior during the plea hearing and sentencing indicated he was competent. He appeared to appropriately engage his attorney and the court. There is no evidence of incompetency found in the transcripts. I conclude that the trial court was justified in not ordering a competency hearing. Petitioner has not put forward a viable procedural due process claim.

Petitioner may also raise a substantive claim that he was tried and convicted while mentally incompetent. However, a habeas petitioner raising a substantive claim of incompetency is not entitled to a presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence. *See Walker,* 167 F.3d at 1344; *Hastings*, 194 F. Supp. 2d at 671. To obtain habeas relief on a substantive incompetence claim, a habeas petitioner must present evidence

which is sufficient "to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his mental capacity" to stand trial. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (Friedman, J.) (internal quotations omitted).

Petitioner argues that his history of mental illness and use of anti-psychotic drugs rendered him incompetent. However, not every manifestation of mental illness demonstrates incompetency to stand trial. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs can automatically be equated with incompetence. *See Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000); *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995). As stated before, petitioner underwent three separate independent competency examinations. The first examination indicated there was a possibility petitioner was malingering. The other two, including the examination requested by his own counsel, definitively concluded he was malingering. Petitioner's counsel believed he was competent to stand trial and declined to request a formal competency hearing. The trial court also concluded that petitioner was competent to stand trial when it did not order a competency hearing.

In the present case, a review of the plea and sentencing transcripts shows petitioner was lucid and responsive during those proceedings. He answered the court's questions and gave no indication that he was not competent. Petitioner has presented no conclusive evidence that he was not in possession of his mental facilities at the time of trial. His "after-the-fact" incompetency claim is therefore without merit. *Hastings v. Yukins*, 194 F. Supp. 2d at 672. Petitioner has not shown a substantive violation of his due process rights.

2.      *Ineffective Assistance*

Petitioner also argues that his counsel was ineffective due to counsel's (1) failure to request a competency hearing and (2) misadvice regarding the consequences of his plea. For counsel to be

8

ineffective, petitioner must show that (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing of one." *Id.* at 697. Again, petitioner fails to show that counsel's deficient performance prejudiced the defense. A defendant is not prejudiced by counsel's failure to seek a competency examination, absent an actual basis to support a claim of incompetency at the time of the proceeding. *See Bair v. Phillips*, 106 F. Supp. 2d 934, 941 (E.D. Mich. 2000) (Duggan, J.). Because petitioner has failed to establish that he was incompetent at the time of his trial, trial counsel's failure to obtain a competency evaluation for petitioner did not prejudice him, so as to support a claim of ineffective assistance of trial counsel. As petitioner cannot show that he was prejudiced, his claim that his counsel was ineffective is without merit.

Petitioner's final claim is that his counsel was ineffective due to the fact that counsel gave faulty advice regarding what sentence would be likely if petitioner entered a guilty plea. Petitioner has failed to show that counsel's allegedly deficient performance prejudiced the defense. As noted by the Fourth Circuit, "if the information given by the court at the [plea] hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." *United States v. Lambry,* 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc); *see also United States v. Horn,* 987 F.3d 833, 838 (D.C. Cir. 1993) (quoting *Lambry*). Thus, even if petitioner's counsel gave an erroneous impression of what the sentence would be, this was later clarified by the court when the petitioner indicated he heard and understood

9

there was an agreement between the parties that he be sentenced for nine to fifteen years. *See* Plea Tr., at 4. As such, petitioner cannot show that he was prejudiced by his attorney's advice, and thus his ineffective assistance claim must fail. *See, e.g., Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987); *Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972); *United States v. Figueroa*, No. 91-518-01, 1992 WL 301285 at *7-*8 (E.D. Pa. Oct. 14, 1992).

E.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

## III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing

party may file a response.  The response shall be not more than five (5) pages in length unless by

motion and order such page limit is extended by the Court.  The response shall address specifically,

and in the same order raised, each issue contained within the objections.


                                                    s/Paul J. Komives
                                                    PAUL J. KOMIVES
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: 7/29/05

                                    ┌─────────────────────────────────────────┐
                                    │ The undersigned certifies that a copy of the foregoing │
                                    │ order was served on the attorneys of record by │
                                    │ electronic means or U.S. Mail on July 29, 2005. │
                                    │                                           │
                                    │                          s/Eddrey Butts   │
                                    │                          Case Manager     │
                                    └─────────────────────────────────────────┘